Stanley Hollander v. Commissioner.
Hollander v. Commissioner
Docket No. 57980.
United States Tax Court
T.C. Memo 1957-138; 1957 Tax Ct. Memo LEXIS 94; 16 T.C.M. (CCH) 617; T.C.M. (RIA) 57138; July 31, 1957
*94 Samuel Hoffman, C.P.A., 41 East 42nd Street, New York, N. Y., for the petitioner. John James O'Toole, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies and additions to the tax as follows: Additions under
Year
Deficiency
Sec. 293(b)
Sec. 294(d)(1)(A)
Sec. 294(d)(2)
1945
$1,297.92
$ 648.96
$130.35
$ 78.21
1946
4,139.88
2,088.23
377.26
226.36
1947
4,820.44
2,410.22
459.65
275.78 The Commissioner has conceded that no part of the deficiency for 1945 was due to fraud with intent to evade tax. Findings of Fact The petitioner filed his individual income tax returns for the taxable years with the collector of internal revenue for the first district of New York. The Commissioner determined that the gross income of the petitioner was understated on those returns and stated that those understatements were unexplained increases in net worth as shown in the following table: 1/1/45
12/31/45
12/31/46
12/31/47
Assets
National City Bk. - Checking A/C
$ 6,943.77
$ 5,805.32
$ 784.61
$ 774.69
Williamsburg Savings Bank
15.13
15.13
15.13
15.13
National City Bank #18172
50.46
51.46
52.50
53.55
U.S. Savings Bonds
2,962.50
3,375.00
U.S. Postal Certificates
200.00
200.00
200.00
200.00
Real Estate - 22 Eden Road, Lido,
New York
17,358.20
17,358.20
Automobile
1,599.00
1,576.30
1,864.80
100 Shs. Pathe Industries
1,275.00
1,275.00
Pyramid Packing Co., Inc.
3,500.00
Investment in Pan American Corp.
20,000.00
Home Furnishings
1,584.31
8,101.67
14,660.20
Total Assets
$10,171.86
$12,630.22
$32,863.41
$56,201.57
Liabilities
Dime Savings Bank - Mtg. Payable
10,109.76
9,493.68
Pyramid Packing Co., Inc.
10,000.00
Total Liabilities
$10,109.76
$19,493.68
Net Worth
$10,171.86
$12,630.22
$22,753.65
$36,707.89
Previous Year
10,171.86
12,630.22
22,753.65
Increase in Net Worth
$ 2,458.36
$10,123.43
$13,954.24
Add: Ordinary Living Expenses - Esti-
mated
4,000.00
4,000.00
4,000.00
Federal Income Taxes - Net
1,983.81
476.90
296.18
Deductions on Return
1,965.35
1,740.64
Malfa Production
500.00
Adjusted Gross Income Per Net Worth
$ 8,442.17
$17,065.68
$19,991.06
Per Return
3,900.00
3,850.00
5,700.00
Difference
$ 4,542.17
$13,215.68
$14,291.06
*95 The Commissioner allowed a standard deduction of $500 for 1945 in lieu of the amount claimed on the return for that year. The petitioner was in the United States army at the beginning of 1945 and until July of that year, when he was discharged. The petitioner, after his discharge from the army, lived with his parents until his marriage on December 9, 1945. He and his bride, immediately after their marriage, went to Miami, Florida, for their honeymoon and returned in January 1946. The petitioner, while living with his parents, made no payments to them for board, lodging or the like. The living expenses of the petitioner during 1945 were $2,000. The petitioner was a stockholder and the president of Pyramid Packing Co., Inc., at all times material hereto. The other stockholders were his brother and his father. The Commissioner concedes that the petitioner received $1,142.76 of nontaxable income at the time of his discharge from the army, and the gross income determined by the Commissioner for that year should be reduced by that amount. He also concedes that the petitioner received a gift of $1,000 in 1946 from his wife's brother, and the gross income as determined by the Commissioner *96 for that year should be reduced by that amount. No part of the deficiency for 1946 and no part of the deficiency for 1947 were due to fraud with intent to evade tax. Opinion MURDOCK, Judge: The petitioner has the burden of proof to show the extent, if any, to which the deficiencies determined by the Commissioner should be reduced. The Commissioner has made two concessions in that connection, but the petitioner has failed to prove that the net income determined by the Commissioner for each year should be further reduced except in regard to living expenses for 1945. Counsel for the Commissioner stated during the course of the trial, "In view of the evidence with respect to living expenses, the respondent will concede the fraud issue for the tax year 1945." The petitioner has not proven what his living expenses were for that year. However, since he was in the army until some time in July of that year and thereafter, until December 9, lived with his parents without cost for his lodging and any board which he received there, the Court, following the principle of , has concluded that his living expenses for that year, including the *97 appropriate part of his honeymoon expenses, were not in excess of $2,000. The petitioner alleged in his petition that wedding gifts received in cash up to the time of his return from his honeymoon amounted to over $3,000 and were deposited in his account on January 14, 1946. He further alleged that $1,078.16 "were supplementary gifts received at subsequent dates and also cash refunds for merchandise gifts returned to various stores where they had been purchased, because of duplications." The only other allegation in the petitioner with respect to wedding gifts relates to the $1,000 gift from his brother-in-law, which the Commissioner now concedes. The petitioner testified that his wedding and reception were held at the Ambassador Hotel in New York, "About 200, 250" guests attended and most of the wedding presents were either in cash or checks. The record shows the following questions to and answers of the petitioner in that connection: "Q What is your estimated figure of those gifts that you received in 1946? "A I don't know. "Q Have you any idea? "A I don't know off hand. I don't have any figures here. "Q Could you give an estimate to the Court on the basis of between *98 200 to 250 people, could you make a rough calculation in the absence of having any specific total? "A It may have run about $8,000, $9,000. * * *" The petitioner failed to give the name of any donor, the amount of any wedding present allegedly received or any other helpful fact. The entire record does not justify a finding that the increase of the petitioner's net worth for 1946, as determined by the Commissioner, should be reduced in any amount representing a wedding present received by him during that year, except the conceded amount of $1,000. The petitioner, without any specific allegation in his petition to support it, makes an attack upon the $20,000 investment in Pan American Corporation shown on the net worth statement for the end of 1947. The Commissioner determined that the petitioner purchased stock of Pan American Corporation during 1947 for $20,000, of which $10,000 was borrowed by him from Pyramid Packing Co., Inc., included the $20,000 in assets and the $10,000 in liabilities, and thus increased net worth by $10,000 on account of this item. The petitioner was asked, "* * * Now, did you buy that stock for $20,000 in the Pan-American Corporation?" He answered, "Part *99 of that money was advanced by Pyramid Packing Company for whom I was acting as an agent." Testimony was introduced without objection that the books and records of Pyramid Packing Co., Inc., show the loan of $10,000 to the petitioner. The petitioner was asked whether any Pan American Corporation stock was issued in his name, and his answer was, "I think it was issued in my name. I'm not sure." He also said that he did not remember whether on several occasions he had told a revenue agent that his interest in the Pan American Corporation belonged to him personally. He was asked, "Now, if $20,000 was advanced to you, why was it only $10,000 set up in the books of Pyramid?" and he answered. "I don't know." He was unable to explain satisfactorily how Pyramid Packing might have paid any part of the cost of the Pan American Corporation stock. The record as a whole does not justify disturbing the Commissioner's determination that the petitioner invested $10,000 in 1947 in the stock of Pan American Corporation. The petitioner alleged that he borrowed $2,500 from his brother, Robert Hollander, "as evidenced by a cashier's check against the latter's savings account." He testified that he borrowed *100 the $2,500 from his brother, but on the question of when, he answered. "It was either '46 or '47" but he was not sure which. He said the $2,500 was deposited in his account as a part of a $5,000 deposit on August 5, 1947, but he did not remember what the rest of that deposit represented. The brother was not called as a witness and no corroboration of the petitioner's testimony was offered. The witness was somewhat vague and indefinite in many of his answers and not at all convincing. The record as a whole does not justify a finding that the income determined by the Commissioner for 1947 should be reduced by $2,500 representing a loan to the petitioner from his brother, deposited by the petitioner in his bank account during that year. The petitioner, through his counsel, conceded at the trial the correctness of all of the asset items shown in the Commissioner's net worth statement with the exception of the $20,000 item at the end of 1947, representing the alleged investment in Pan American Corporation, and $3,500 at the end of 1946, described as "Pyramid Packing Co., Inc." The petitioner introduced no evidence with respect to the $3,500 item. The Commissioner has the burden of proof *101 to show, by clear and convincing evidence, that a part of the deficiency for 1946 and a part of the deficiency for 1947 were due to fraud with intent to evade tax. He has failed to sustain that burden. His determination rests in part upon proof that the living expenses of the petitioner were $4,000, but the record contains no evidence of what they were except that the petitioner was married in December 1945 and he was still living at the time of the trial. The Commissioner has not proven that the $3,500 item represented income of the petitioner for 1946, that the $10,000 item represented income to him for 1947 or the possible source of any other unreported income. Wedding presents in substantial amounts might have been received as contended by the petitioner. The evidence is too thin to support a finding of fraud. The petitioner has completely neglected in his pleadings, proof and briefs the additions determined under section 294(d)(1)(A) and (d)(2). He had the burden of proof and the record provides no reason for disturbing the Commissioner's determination as to those items, except for the changes in amounts which will result from concessions and findings stated above. Decision *102 will be entered under Rule 50.